## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ORLANDO SMITH                                    CIVIL ACTION

VERSUS                                           NO. 19-14738-WBV-KWR

TRANSOCEAN OFFSHORE USA, INC.                    SECTION: D (4)

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration of Court Order and Reasons (Rec. Doc. 139) Entered on April 19, 2021.[1]  Defendants oppose the Motion,[2] and Plaintiff has filed a Reply.[3]  The Court also allowed Defendants to file a Sur-Reply brief.[4]

After careful consideration of the parties' memoranda and the applicable law, Plaintiff's Motion for Reconsideration is **DENIED.**

### I.      PROCEDURAL BACKGROUND

In the Motion, Plaintiff asks the Court to reconsider its April 19, 2021 Order, granting Defendants' Consolidated Motion to Strike Supplemental Witness and Exhibit Lists and Motion in Limine.[5]   In the Order, the Court held that, despite having three separate opportunities to do so, Plaintiff had failed to show that good cause exists to modify the Scheduling Order with respect to the June 12, 2020 witness and exhibit list deadline and Plaintiff's June 2, 2020 deadline to provide expert

---

[1] R. Doc. 140.
[2] R. Doc. 146.
[3] R. Doc. 150.
[4] R. Doc. 152.
[5] R. Doc. 140; *See*, R. Doc. 139.

reports.[6]  Plaintiff had sought an extension of those deadlines in order to file supplemental witness and exhibit lists to include one new witness, Dr. Donald Dietze, and one new exhibit, the billing records of Dr. Dietze, which concern Plaintiff's alleged neck/cervical injury that was not disclosed to Defendants until February 2021.  The Court ultimately precluded Plaintiff from introducing any evidence at trial regarding his alleged neck/cervical injury.[7]

In the Motion for Reconsideration, Plaintiff asks the Court to reconsider its April 19, 2021 Order "because good cause exists to amend the Scheduling Order to allow Complainant to supplement his Witness and Exhibit Lists and to offer supplemental expert reports concerning Complainant's cervical spine injury." [8] Plaintiff seeks such relief under Fed. R. Civ. P. 60(b),[9] and proceeds to argue why good cause exists under Fed. R. Civ. P. 16(b)(4) to amend the Court's Scheduling Order to allow his supplemental witness and exhibit lists.[10]  Defendants argue that Plaintiff's Motion should be denied because "good cause" is not the standard that must be satisfied for the Court to reconsider an interlocutory order. [11]  Instead, Defendants contend that under Fed. R. Civ. P. 59(e), Plaintiff must prove: (1) this Court manifestly erred in its earlier ruling; (2) Plaintiff discovered new evidence that could not have been found prior to entry of the Order; or (3) an intervening change in law requires reconsideration of this Court's earlier decision. [12]  Defendants argue that

---

[6] R. Doc. 139 at pp. 22-28.
[7] *Id.* at pp. 28-29.
[8] R. Doc. 140-1 at p. 1.
[9] *Id.* at pp. 1-3.
[10] *Id.* at pp. 4-12.
[11] R. Doc. 146 at pp. 4-5 (citations omitted).
[12] *Id.* at p. 5.

Plaintiff does not satisfy any of these requirements, and that his Motion should be denied because Plaintiff merely rehashes the failed arguments he previously made to the Court.

In response, Plaintiff asserts that under Rule 59(e), manifest injustice would result from the exclusion of evidence concerning his cervical injury, and Plaintiff faults Defendants for not addressing the issue of "manifest injustice" in their Opposition brief.[13]  Relying upon a recent Louisiana Supreme Court opinion, Plaintiff asserts that it would be unjust to punish him for the unintentional oversights made by his treating physicians in this case.[14]  In their Sur-Reply brief, Defendants point out that despite the months' long briefing on this issue, Plaintiff claims "manifest injustice" for the first time in his Reply brief, which is improper.[15]  Defendants also argue that Plaintiff's reliance on the Louisiana Supreme Court case is misplaced, as it is a state case that did not concern the Federal Rules of Civil Procedure.

## II.   LAW AND ANALYSIS

As Defendants point out, "The general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[16]  "A motion to alter or amend a judgment filed pursuant to Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

---

[13] R. Doc. 150 at pp. 2-3.
[14] *Id.* at pp. 2-3, 4 (citing *Said v. Federated Rural Elec. Ins. Exch.*, 2021-00078 (La. 4/20/21), 313 So.3d 1241).
[15] R. Doc. 152 at pp. 1-2.
[16] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (citing authority).

discovered evidence.'"[17]   A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[18] "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[19] The Court is mindful that, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[20]

Here, Plaintiff asserts that reconsideration is required to prevent him from suffering manifest injustice. The Court finds Plaintiff's arguments are insufficient to justify reconsideration on that ground. It is evident to the Court that Plaintiff merely seeks to rehash and expand upon his failed arguments regarding whether good cause exists under Fed. R. Civ. P. 16 to amend the Court's Scheduling Order to allow his supplemental witness and exhibit lists. Indeed, Plaintiff's Memorandum in Support of his Motion for Reconsideration focuses on good cause and is silent as to any discussion regarding manifest injustice. As the Court pointed out in its April 19, 2021 Order, Plaintiff had three opportunities to show that good cause exists to amend the

---

[17] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[18] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

[19] *Namer*, 314 F.R.D. at 395 (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *See, Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).

[20] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

4

Scheduling Order and instead of addressing the four factors considered by the Court in determining whether such good cause exists, Plaintiff merely asserted, repeatedly, that the medical records of his treating physicians "clearly establish" that "good cause absolutely exists to allow the supplementation" of his witness and exhibit lists past the Scheduling Order deadlines.[21]   Plaintiff has now filed a Motion for Reconsideration in an apparent attempt to correct his error and to provide a full analysis of the four factors considered by this Court in determining whether good cause exists to amend the Scheduling Order.   Such arguments, however, do not support reconsideration of the Court's interlocutory order.   The Fifth Circuit has made clear that motions for reconsideration, "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[22]   Accordingly, Plaintiff's Motion for Reconsideration does not meet the standards set forth by Rule 59(e), and must be denied.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Court Order and Reasons (Rec. Doc. 139)[23] is **DENIED.**

New Orleans, Louisiana, June 7, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[21] R. Doc. 139 at pp. 13, 15, 16, 20-21, 22-23.
[22] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (internal quotation marks omitted).
[23] R. Doc. 140.