UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORLANDO SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14738-WBV-KWR** |
| **TRANSOCEAN OFFSHORE USA, INC.** | **SECTION: D (4)** |

**ORDER and REASONS**

Before the Court is a Motion for Summary Judgment on Issue of Disability, filed by plaintiff, Orlando Smith.[1]  Plaintiff asserts that there are no genuine issues of material fact "surrounding the opinions of [Plaintiff's] treating orthopedic surgeon, Dr. Carey Winder, that [Plaintiff's] severe right shoulder injury and elbow nerve damage sustained as a result of the accident involved herein have rendered him more likely so than not permanently disabled from his previous occupation as a slickline operator/supervisor."[2]  Stated another way, Plaintiff asserts there are no genuine issues of material fact surrounding his disability status.[3]  Plaintiff relies upon the deposition testimony of Dr. Winder, several treatment notes from Dr. Winder, a May 7, 2020 "medical narrative" from Dr. Winder, and the results of an independent medical examination conducted by Dr. Michael McNulty to support his position.[4]

Transocean RIGP DIN LLC and Triton Asset Leasing GmbH, Inc. (collectively, "Transocean") oppose the Motion, asserting that there is a genuine dispute of material fact regarding whether Plaintiff is disabled, such that a reasonable jury

---

[1] R. Doc. 63.
[2] R. Doc. 63 at p. 1; R. Doc. 63-1 at pp. 1, 2-3, 4.
[3] R. Doc. 63-1 at p. 4.
[4] *See*, R. Docs. 63-2 & 63-3.

could return a verdict for Transocean.[5] In support of its position, Transocean relies upon the deposition testimony of Dr. Brett Casey, an orthopedic surgeon who treated Plaintiff the day after his accident, Plaintiff's deposition testimony, Dr. Winder's deposition testimony, and the deposition testimony of Dr. Rasheed I. Ahmad, who treated Plaintiff for right cubital tunnel syndrome.[6] In response, Plaintiff argues that Transocean has failed to offer any evidence in support of its opposition, and asserts that both Dr. Winder and Dr. McNulty have opined that Plaintiff "more likely so than not will be unable to return to work in his previous occupation as a direct result of the January 22, 2019 accident involved herein."[7] Plaintiff attached to his Reply brief a copy of a report prepared by Transocean's vocational rehabilitation expert, Nancy Favaloro, and emphasizes that Favaloro concluded that, "*In the event that he is employable at jobs that have tasks mostly consistent with the Light physical demand level*, it is my opinion that Orlando Smith will be employable at jobs such as those noted in this report."[8]

After careful consideration of the parties' memoranda and the applicable law, the Court finds that the summary judgment evidence presented by Plaintiff demonstrates that there are genuine issues of material fact in dispute regarding his disability from a work standpoint. Specifically, while Dr. Winder and Dr. McNulty have both opined that Plaintiff has reached maximum medical improvement with

---

[5] R. Doc. 71.
[6] *See*, R. Docs. 71-2 through 71-4.
[7] R. Doc. 92.
[8] *Id*. at p. 2 (*citing* R. Doc. 92-1) (emphasis added by Plaintiff).

respect to his should injury,[9] Plaintiff has failed to direct the Court to any summary judgment evidence indicating that Dr. Winder or Dr. McNulty have offered a medical opinion regarding whether Plaintiff is disabled or, as Plaintiff asserts, permanently disabled. There is no evidence before the Court that either Dr. Winder or Dr. McNulty have offered a medical opinion whether Plaintiff is disabled.[10]

Additionally, the evidence before the Court indicates that there are genuine issues of material fact regarding whether Plaintiff is permanently disabled from a work standpoint. Both parties have submitted evidence showing that Dr. Winder recommended that Plaintiff undergo a functional capacity evaluation ("FCE") to determine "what [Plaintiff] can and cannot do for purposes of vocational rehabilitation or vocational jobs other than his offshore job . . . ."[11] Dr. Winder further testified that, "I've recommended that we get an FCE and document what his functional limitations are."[12] The report from Defendant's vocational rehabilitation expert, submitted by Plaintiff, likewise indicates that Plaintiff remains capable of working other jobs that require less physical demand.[13] In the report, Favaloro concludes that, "Orlando Smith has performed semi-skilled and skilled work and has acquired skills abilities and worker traits [sic] that are transferable into other work settings," and further, "In the event that he is employable at jobs that have tasks mostly consistent with the Light physical demand level, it is my opinion that Orlando

---

[9] R. Doc. 63-2 at pp. 17-8; R. Doc. 63-3 at p. 6.
[10] *See*, R. Docs. 63-2, 63-3, 71-3.
[11] R. Doc. 63-1 at p. 4 (*quoting* R. Doc. 63-2 at p.2); R. Doc. 63-3 at p. 3; R. Doc. 71-3 at p. 9.
[12] R. Doc. 71-3 at p. 9.
[13] R. Doc. 92-1.

Smith will be employable at jobs such as those noted in this report."[14]  Thus, the report raises a genuine issue of material fact regarding whether Plaintiff is permanently disabled from a work standpoint.  As noted by the Fifth Circuit, "summary judgment is often inappropriate where the evidence bearing on crucial issues of fact is in the form of expert opinion testimony."[15]  This Court has previously held that, "expert reports can be used to create genuine issues of material fact to defeat summary judgment."[16]  As such, the Court finds that rendering summary judgment on the issue of Plaintiff's disability is inappropriate in this case.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment on Issue of Disability, filed by Orlando Smith,[17] is **DENIED.**

New Orleans, Louisiana, August 20, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[14] R. Doc. 92-1 at p. 7.
[15] *Watson v. Allstate Texas Lloyd's*, 224 Fed.Appx. 335, 342 (5th Cir. 2007) (quoting *Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191, 1193 (5th Cir. 1970)) (internal quotation marks omitted).
[16] *Kidd v. Symbion, Inc.*, Civ. A. No. 10-3361, 2011 WL 4020814, at *15 (E.D. La. Sept. 9, 2011) (citing *First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 139-41 (5th Cir. 1996)).
[17] R. Doc. 63.